IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SONYA NICHOLSON, on behalf of  :
ASHLEY RABY,                   :
                               :
     Plaintiff,                :
                               :
v.                             :       CIVIL ACTION 08-0476-M
                               :
MICHAEL J. ASTRUE,             :
Commissioner of                :
Social Security,               :
                               :
     Defendant.                :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for children (hereinafter *SSI*) (Docs. 1, 13-14).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636© and Fed.R.Civ.P. 73 (*see* Doc. 18).  Oral argument was waived in this action (Doc. 20).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further action not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richard-*

son v. Perales, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirteen years old and had completed a sixth-grade education (Tr. 152).  In claiming benefits, Plaintiff alleges disability due to Charcot-Marie-Tooth Disease (Doc. 14).

The Plaintiff filed an application for SSI on August 22, 2005 (*see* Tr. 10).  Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Nicholson was not disabled (Tr. 7-21).  Plaintiff requested review of the hearing decision (Tr. 147-48) by the Appeals Council, but it was denied (Tr. 3-5).

In bringing this action, Nicholson alleges that:  (1) The ALJ's opinion is not supported by substantial evidence; and (2) the ALJ failed to properly examine Listing 111.06 in evaluating her impairments (Doc. 13).  Defendant has responded to—and denies—these claims (Doc. 15).

Without specifically addressing the claims raised by Nicholson, the Court notes that the ALJ, in his decision, set out the relevant law (Tr. 10-12), summarized the medical evidence (Tr. 13-15), and cited the appropriate regulations for the six-

domains to be considered (Tr. 16-20) in determining that Plaintiff was not disabled.  The ALJ failed, however, to provide any analysis for reaching his conclusions; there is no application of the law or the regulations to the evidence of record for this Court to understand how the determinations were made.  Even the ALJ's determination that Nicholson's testimony regarding her limitations is not credible is unexplained (*see* Tr. 16).

On this basis, the Court finds that the ALJ's opinion is not supported by substantial evidence.  The Court is not finding that the decision is wrong; however, because the ALJ does not explain how he reached the determinations that he made, the Court cannot find that they are correct, either.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence.  Judgment will be entered by separate Order.

DONE this 13th day of March, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE